Maetin, J.
delivered the opinion of the court.
The plaintiff’s wife, Edna Wood, claims to be the sole heir of her late mother, who had intermarried with one Beuben Nicholls; and as such alleges she is the owner of the undivided half of two lots of ground in New Orleans, acquired by the husband of her mother, during marriage, making part of the community property at her mother’s death, and which is now in the possession of the defendant. The defendant pleaded the general issue, and denied the heirship of the. plaintiff’s wife, or that any community of property ever existed between the plaintiff’s mother and Beuben Nicholls; that she was not his lawful wife, having been previously married to another; and that the marriage alleged to have existed between them was null. The defendant further averred that he was the lawful owner of said lots, having acquired them by purchase in his own right at sheriff’s sale; that he holds under Beuben Nicholls, who had bought them with his own funds, belonging to him individually, and they never entered into the community, if any [364] ever existed between the plaintiff’s mother and said B. Nicholls.
When the cause was at issue, Beuben Nicholls intervened, opposing both plaintiff and defendant, alleging the lots in question to be his property. He states that, being about to leave the State temporarily, he made a simulated sale of said lots to the defendant, Nathan Nicholls, in whose possession he placed them for the sole purpose of protecting them in his absence, and taking *588 a counter letter accordingly. But in violation of his trust, the said Nathan had the lots sold hy the sheriff to satisfy a judgment existing against him at the time of the simulated sale, although he had provided the said Nathan Nicholls with funds, out of which he had hound himself to discharge and pay off said judgment.
The district judge was of opinion, from the evidence, that the plaintiff’s wife was not the sole heir of Mrs. Nicholls, hut that there was a son also who must divide the inheritance. There was judgment in favor of the plaintiff for only one undivided fourth of the lots, with her proportion of the rents and profits, and against the intervenor, from which he alone appealed. But the parties have joined in an agreement that the whole case might he deterr mined in this court, in the same manner as if either or both of the original parties had appealed.
"We will first notice the-petition of intervention. The district judge was of opinion that the intervening party must suffer from his ill-placed confidence in the fidelity of the person to whom he made a simulated sale of the property. That his title in the lots was divested by the sheriff’s sale, especially as that sale was made with his consent and co-operation, as is proved by his own witness, Burroughs; and it nowhere appears that the defendant had any funds of the intervenor, with which he might have paid off the judgment, under which this property was sold.
[365] On the other hand, the counsel for the defendant strenuously urges that the present case is not such an one, as respects the claim of the intervenor, in which a court of justice will lend its aid; that the rights of the intervenor, admitting he has any, arose ex turpi causa, ex dolo malo, and that the possession of the defendant ought to be protected.
As the case is now presented to us, we do not think proper to decide further between these parties than to dismiss the petition of intervention, leaving them to the litigation of any rights they may have in relation to the matters in contestation between them hereafter.
The plaintiff’s wife has fully shown that she is the lawful daughter of her mother, while the latter was the wife of James Wood, and born in wedlock; and that the mother, after the death of Wood, intermarried with Beuben Nicholls, who acquired the property in controversy during said marriage.
The plaintiff’s counsel complains, in this court, that judgment was given for only one fourth of the premises claimed, when it should have been for one undivided half. The district judge was however of opinion that the plaintiff’s wife was not the sole heir of her mother, but that the latter had a son, who is also heir. The evidence shows that the mother was unmarried when she had this son, and that he is, if living, illegitimate. These facts were proved by evidence which was received without objection.
The district judge was therefore in error in concluding that the plaintiff’s wife was not the sole heir, for even if the son were living, he is shown to be illegitimate, and cannot inherit with his legitimate sister. She is therefore entitled to one undivided half of the lots in controversy. It has been further urged by the defendant’s counsel that one of the lots was purchased by Reu *589 ben Nicholls at a sheriff’s sale, under an execution which issued on a judgment which was his private property. This does not prevent the lot, when purchased, from becoming community property, although it may entitle him to the price which he paid, as a charge, in the settlement of the [366] community. The other lot appears to have been purchased and acquired in the ordinary course of business, during the marriage, and is clearly community property.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion, should have been rendered in the court below : It is ordered and adjudged, that the plaintiff, Edna Wood, wife of Thomas German, do recover of the defendant the one undivided half of two lots of ground,, described in the petition, to be partitioned according to law, allowing the defendant the estimated value of the improvements and buildings made by him on that portion of the lots which may in the partition be given to the plaintiff: And it is further ordered and adjudged, that said plaintiff do recover of the defendant rent at the rate of fifteen dollars per month, from the 26th of May, 1835, the date of judicial demand, until the delivery of possession of the one undivided half of said lots to the plaintiff: And that the cause be remanded for the purpose of making a partition and ascertaining the value of the improvements and amount of rent accrued: That the intervention he dismissed at the costs of the intervenor, reserving any rights that inay exist between him and the defendant, the latter paying the costs of the appeal.